**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

WILLIAM SKIPWITH, JR.,   *

   Plaintiff,   *

v.   *

                                   *    Civil No. 25-3653-BAH

TONI WINFIELD,   *

   Defendant.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM AND ORDER**

Plaintiff William Skipwith ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Here, this action will be dismissed because Plaintiff has not stated a viable federal claim for relief and the Court otherwise lacks subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff brings suit against defendant Toni Winfield, citing 18 U.S.C. § 3571 as the basis for federal question jurisdiction and seeking $250,000 in damages. *See* ECF 1, at 4–5. The only facts alleged are: "Because of this extortion, I'm behind on my living expenses. All my funds keep being depleted, because of this slavery being done to me by Toni Winfield." *Id.* at 6 (capitalization, spelling, and punctuation modified).

Plaintiff may not bring suit under the federal statute he cites—which is a criminal statute. As is well established, "'[u]nless there is a clear [legislative] intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute.'" *United States ex rel. Angel v. Scott*, 697 F. Supp. 3d 483, 490 (E.D. Va. 2023) (brackets in original) (citing *Brown v. Clements*, No. 15-cv-104, 2015 WL 5677296, at *9 (E.D. Va. Sept. 23, 2015)). "Federal rights of action, like substantive federal law, 'must be created by Congress'" by unambiguous statute.

*McKenzie-El v. Internal Revenue Serv.*, Civ. No. ELH-19-1956, 2020 WL 902546, at *14 (D. Md. Feb. 24, 2020) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). "A bare criminal statute provides for no express civil remedy." *Scott*, 697 F. Supp. 3d at 490 (quotation and citation omitted). The criminal statute cited here does not create a private right of action. *See Brown v. Saunders*, Civ. No. SAG-25-2174, 2025 WL 1899428, at *1 (D. Md. July 9, 2025) (finding no private right of action in 18 U.S.C. § 3571 and dismissing complaint for lack of subject matter jurisdiction). As such, the Court does not have federal question jurisdiction over this matter.[1]

To the extent that Plaintiff's bare allegations could be construed as raising a state law claim, both Plaintiff and the defendant are citizens of Maryland, *see* ECF 1, at 4–5, so there is not complete diversity of citizenship between the parties. The Court therefore does not have diversity jurisdiction. Because Plaintiff has not properly pled a federal claim and the Court lacks subject matter jurisdiction, Plaintiff's complaint must be dismissed.

Accordingly, it is this 14th day of January, 2026, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;

2. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; and

3. The Clerk is directed CLOSE this case and MAIL a copy of this memorandum order to Plaintiff.

/s/
Brendan A. Hurson
United States District Judge

---

[1] The Court notes that Plaintiff brought similar claims in another action against a different defendant. *See* ECF 1 in Civ. No. 25-3997-BAH. There, the Court expressly advised Plaintiff that he may not bring suit under the same federal criminal statute he cites here. ECF 4, at 2–3.